UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THEODORE STAIR, individually, THEODORE
STAIR, an Officer, Director and Shareholder of
American Virgin Enterprises, Ltd., derivatively
on behalf of American Virgin Enterprises, Ltd.,
and THEODORE STAIR, as a Member of
Sirius Development, LLC, derivatively on
behalf of Sirius Development, LLC,

**FILED**
**CLERK**

3/31/2015 2:11 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

      Plaintiffs,

**ORDER and ORDER TO SHOW
CAUSE**

  -against-

12-CV-6121 (SJF)(SIL)

RORY CALHOUN, JOHN HANRAHAN,
ROBERT E. PARELLA and H. LINWOOD
GILBERT,

      Defendants.
-------------------------------------------------------------X
FEUERSTEIN, District Judge:

    Pending before the Court are objections by (1) *pro se* plaintiff Theodore Stair

("plaintiff"), individually and derivatively on behalf of (a) American Virgin Enterprises, Ltd.

("AVE-1"), of which he is an officer, director and shareholder, and (b) Sirius Development, LLC,

of which he is a member; and (2) *pro se* defendant Robert E. Parella ("Parella") to a Report and

Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated

February 9, 2015, recommending (a) that the motion of Parella and defendants John Hanrahan

("Hanrahan") and Rory Calhoun ("Calhoun") (collectively, "defendants") seeking summary

judgment dismissing the complaint against them pursuant to Rule 56 of the Federal Rules of

Civil Procedure be granted to the extent of dismissing the complaint as against Calhoun for

insufficient service of process, and (b) that defendants' motion otherwise be denied. For the

reasons stated herein, the Report is accepted in part and rejected in part.

I.      DISCUSSION

A.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P.

72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002).

Any portion of a report and recommendation on dispositive matters to which a specific, timely

objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see

Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010).  However, the court is not

required to review the factual findings or legal conclusions of the magistrate judge as to which no

proper objections are interposed.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L.

Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision

in a magistrate judge's report and recommendation if the party fails to file timely objections

designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a

party's failure to object to any purported error or omission in a magistrate judge's report waives

further judicial review of the point.")

General objections, or "objections that are merely perfunctory responses argued in an

attempt to engage the district court in a rehashing of the same arguments set forth in the original

papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce

the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York

State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Libbey v. Village of Atlantic Beach, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); 7-Eleven, Inc. v. Khan, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013) (accord).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B.      Objections

    1.      Parella's Objections

Parella contends that Magistrate Judge Locke erred in recommending that the branch of defendants' motion seeking dismissal of plaintiff's complaint as time barred by the applicable statutes of limitations be denied because, *inter alia*, (1) plaintiff "is not the good faith diligent suitor for whom [New York Civil Practice Law and Rules ("CPLR")] 205 was intended[,]" (Parella's Objections to the Report ["Parella Obj."], at 1); and (2) plaintiff failed to establish that he "satisf[ied] the conditions or requirements of CPLR 205."  (Id.)


    a.      CPLR 205(a)

In diversity cases, such as this one, "state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statutes of limitations."  Diffley v. Allied-Signal, Inc., 921 F.2d 421, 423 (2d Cir. 1990) (quotations and citation omitted); see also Schermerhorn v. Metro. Transp. Auth., 156 F.3d 351, 354 (2d Cir. 1998) (holding that when the plaintiffs' claims are governed by state law, courts "look to state-law tolling rules to determine whether the statute of limitations was tolled * * *.")  Thus, "if New York's courts would apply [CPLR 205(a)] to [a] case, then [the federal court] also [is] bound to apply it."  Diffley, 921 F.2d at 424.

Section 205(a) of the New York Civil Practice Law and Rules provides, in relevant part:

> "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * *may commence a new action upon the same transaction or occurrence or series of transactions or occurrences

within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

The Court of Appeals of the State of New York has held "that CPLR 205(a) effectively tolls the running of a statutory period to permit refiling within six months when an action has been timely commenced but dismissed on grounds other than [as set forth therein] * * *." Matter of Goldstein v. New York State Urban Dev. Corp., 13 N.Y. 3d 511, 520, 893 N.Y.S.2d 472, 921 N.E.2d 164 (N.Y. 2009); see also Diffley, 921 F.2d at 423 (holding that CPLR 205(a) "allows the plaintiffs an additional six months in which to bring another action based on the same occurrences, after their timely initial complaint was dismissed for procedural defects.")

i.      Purpose of CPLR 205(a)

With respect to his first objection, Parella contends, *inter alia*, that Magistrate Judge Locke erred in "rel[ying] entirely on Judge Bianco's statement [in the prior action] that he was declining to dismiss [that action] with prejudice," (Parella Obj. at 4), particularly because the applicability of CPLR 205 was not then before Judge Bianco. (Id. at 5).

In response, plaintiff contends, *inter alia*, (1) that he "was a diligent and good faith suitor eligible for the benefits of CPLR 205," ("Plaintiff's Objection to Defendant Parella's Objection to R&R" ["Plf. Response"] at 2, ¶ 1); and (2) that Parella's objection is untimely, as he never opposed, or appealed, Judge Bianco's dismissal of the prior action without prejudice on July 10, 2012, (id. at 3).[1]

_____

[1] Since Judge Bianco terminated the prior action for lack of subject matter jurisdiction, he lacked the power to dismiss that action with prejudice. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it

5

The "broad and liberal purpose" of CPLR 205(a) is to "remedy[] what might otherwise be the harsh consequence of applying a limitations period where the defending party has had timely notice of the action * * *, and it has long been understood that that purpose is not to be frittered away by any narrow construction * * *." In re Goldstein, 13 N.Y.3d at 521, 893 N.Y.S.2d 472 (quotations and citations omitted); see also Hakala v. Deutsche Bank AG, 343 F.3d 111, 115 (2d Cir. 2003).

Approximately a hundred (100) years ago, the Court of Appeals of the State of New York stated, in dicta, that "[i]f the protection of [CPLR 205(a)] is to be denied to [the plaintiff], it ought to be clearly shown that his case, though within the letter of the statute, is not within its reason." Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, L.R.A. 1917C, 203 (N.Y. 1915). The court in Gaines also indicated that "[t]he rule of [CPLR 205(a)] was enacted * * * to save the rights of the honest rather than the fraudulent suitor," 215 N.Y. 533, and suggested that "where the earlier action has been brought with knowledge of the lack of jurisdiction and in fraud of the statute," id., i.e., if the plaintiff acted in "bad faith" in commencing the prior action in the particular court that he did, CPLR 205(a) may not apply. Id.

Nonetheless, defendants do not cite to any case decided in this Circuit or in a New York state court in the approximate hundred (100) years since Gaines that actually denied a plaintiff the protection of CPLR 205(a) based upon a finding of bad faith, and the Court was unable to find one in its own research. Other than the dicta in Gaines, defendants rely solely upon a case from the Supreme Court of the State of New York, County of New York, decided approximately

---

also lacks the power to dismiss with prejudice."); accord Vandor, Inc. v. Militello, 301 F.3d 37, 38-39 (2d Cir. 2002). Thus, Parella had no viable basis to oppose or appeal the dismissal of the prior action for lack of subject matter without prejudice.

sixty-four (64) years ago, that, *inter alia*, declined to strike the defendant's affirmative defense of the statute of limitations on the basis that "[i]n the circumstances and in the exercise of sound discretion," the issue of the plaintiff's bad faith under the predecessor to CPLR 205(a) should be litigated. Hotel Sherman, Inc. v. Murray, 104 N.Y.S.2d 198, 200 (N.Y. Sup. 1951), aff'd, 279 A.D. 555, 107 N.Y.S.2d 98 (N.Y. App. Div. 1951). That is hardly persuasive authority for refusing plaintiff the protection of CPLR 205(a) in this case, particularly in light of Judge Bianco's finding that no sanction was warranted against plaintiff in the prior action.

Upon *de novo* review of the Report, the operative pleadings, all motion papers, and Parella's objections thereto, so much of Magistrate Judge Locke's Report as determined "that there is no reason to deny Plaintiff access to CPLR 205 on the basis of [his] alleged lack of diligence or bad faith[,]" (Report at 9), is accepted in its entirety.

## ii. Requirements of CPLR 205(a)

No party disputes (a) that the prior action was timely commenced, or (b) that this action (i) was commenced upon the same transactions or occurrences as the prior action and (ii) "would have been timely commenced at the time of commencement of the prior action[,]" N.Y. C.P.L.R. § 205(a). Moreover, no party objects to Magistrate Judge Locke's finding that the prior action was terminated in a manner other than as set forth in CPLR 205(a), (Report at 9), and there is no clear error on the face of the Report with respect to that finding. See Diffley, 921 F.2d at 424 ("It is well settled in New York that dismissal of an action for lack of subject matter jurisdiction may be one of the bases for invoking § 205(a).") Thus, the only issues before me with respect to the requirements of CPLR 205(a) are: (1) whether Magistrate Judge Locke correctly found (a) that

this action was commenced within six (6) months after the termination of the prior action, which is challenged by Parella, and (b) that service upon Calhoun had not been effected within the six (6)-month period set forth in CPLR 205(a), which is challenged by plaintiff; and (2) whether plaintiff established that service had been effected upon Parella within that six (6)-month limitations period, which Parella contends he has not.[2]

          b.      Service of Process Issues

Parella contends that Magistrate Judge Locke erred in concluding (1) that he "waived the right to challenge compliance with CPLR 205 by not pleading insufficiency of service in his answer or raising it in a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure; and (2) that the process server's affidavit on its face conclusively establishe[d] that [he] was served," (Parella Obj. at 1), because, *inter alia*, (a) he swore both in an affidavit and during the traverse hearing held before Magistrate Judge Locke, that he never received a mailing, thereby shifting the burden back to plaintiff to establish that proper service upon him had been effected, (id. at 12), and (b) the affidavit of service "is jurisdictionally defective * * * for want of a zip code" in the address to which it was allegedly mailed to him, and because the address thereon also contains an improper city, i.e., Fresh Meadows as opposed to Jamaica, for St. John's

---

[2] As Hanrahan did not file timely objections to the Report, he has waived any review of so much of the Report as, *inter alia*, found that the affidavit of service by plaintiff's process server establishes that he was timely served with process in this action on December 15, 2012, (Report at 11). There being no clear error on the face of the Report with respect to that finding, it is accepted in its entirety. Since, *inter alia*, plaintiff has established that he met all of the requirements of CPLR 205(a) with respect to Hanrahan, including the requirement that service was effected upon Hanrahan within the six (6)-month limitations period prescribed therein, the branch of defendants' motion seeking summary judgment dismissing the complaint as against Hanrahan is denied.

University, his place of employment.  (Id. at 11).   Parella also contends that Magistrate Judge

Locke erred in finding that the date on which an action is terminated within the meaning of

CPLR 205 is the date that judgment is entered, as opposed to the date on which the decision

granting dismissal is rendered.  (Id. at 13-14).

In response, plaintiff contends, *inter alia*, (1) that Parella was properly served insofar as

"[h]e was personally delivered service at and mailed service to his place of business * * *, St.

John's University," (Plf. Response at 2, ¶ 2); (2) that Magistrate Judge Locke correctly found that

the termination date of the prior action was the date on which final judgment was entered, i.e.,

July 10, 2012, (id. at 19); and (3) that since Parella "attest[s] to the fact he received service of the

summons and complaint * * * [on] January 2, 2013[,] [b]y [his] own testimony he received

service within the statute of limitations[,]" (id. at 20).


i.      Waiver

According to Parella, "whether service of process [upon him] had been 'effected' was

raised as incidental to the affirmative defense of statute of limitations [which he pleaded in his

answer] and whether CPLR 205 had been satisfied," (Parella Obj. at 8), and, thus, "the onus

[was] on the Plaintiff to invoke and bring himself within CPLR 205."  (Id.)

Since the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), "the

defendant bears the burden of establishing by prima facie proof that the limitations period has

expired since the plaintiff's claims accrued."  Overall v. Estate of Klotz, 52 F.3d 398, 403 (2d

Cir. 1995); see also New York State Elec. & Gas Corp. v. FirstEnergy Corp., 766 F.3d 212, 230

(2d Cir. 2014) ("Because a statute of limitations is an affirmative defense, [the defendant] bears

the burden of proof to show it bars the [plaintiff's] claims.")  As no party has objected to

Magistrate Judge Locke's finding that plaintiff's "claims are untimely but for the availability of

CPLR 205," (Report at 7), and there is no clear error apparent on the face of the Report with

respect to that finding, that branch of the Report is accepted in its entirety.

Once a defendant establishes that the claims against him are untimely, the burden then

shifts to the plaintiff to show that CPLR 205(a) applies.  See Schumaker v. Boehringer

Mannheim Corp./De Puy, 272 A.D. 2d 870, 870, 707 N.Y.S.2d 581 (N.Y. App. Div., 2000)

(holding that the defendants have the burden of establishing that the claims are untimely, but the

plaintiff has the burden of showing that CPLR 205(a) applies); Hoodack v. Int'l Bus. Machs.,

Inc., 202 F. Supp. 2d 109, 115-16 (S.D.N.Y. 2002) (finding that the plaintiff failed to satisfy his

burden of establishing that the limitations period should be tolled under, *inter alia*, CPLR 205).

See generally Overall, 52 F.3d at 403 (holding that once the defendant establishes that the

limitations period has expired, "[t]he burden then shifts to the plaintiff to establish that the

limitations period should be tolled.")

Parella does not assert a jurisdictional defense for insufficient service of process under

Rule 12(b)(4) of the Federal Rules of Civil Procedure.  Rather, in opposing defendants'

contentions that his claims are all barred by the applicable statutes of limitations, plaintiff

attempts to invoke the protection of CPLR 205(a), i.e., to "save" his claims, see Doyle v.

American Home Products Corp., 583 F.3d 167, 171 (2d Cir. 2009), and, thus, he has the burden

of establishing, *inter alia*, that service was effected upon Parella within six (6) months after the

prior action was terminated.  Cf. Boulhosa v. Rivera, 269 A.D.2d 181, 181, 703 N.Y.S.2d 444

(N.Y. App. Div. 2000) (holding that CPLR 205(a) did not save the plaintiff from dismissal on

statute of limitations grounds even though the defendant had stipulated to waive "all jurisdictional defenses.")  While defendants may be precluded from using the defense of insufficient service of process upon them as a sword to challenge this Court's jurisdiction over them by virtue of their failure to raise that defense in their answer or by way of a pre-answer motion to dismiss, see Fed. R. Civ. P. 12(h), they are certainly entitled to use that defense as a shield against plaintiff's attempt to invoke the protection of CPLR 205(a) to "save" his otherwise time barred claims against them.[3]  Accordingly, so much of the Report as found that Parella and Hanrahan "waived the defense" of insufficient service of process for purposes of challenging plaintiff's attempt to invoke the protection of CPLR 205(a) to "save" his otherwise time barred claims, (Report at 12), is rejected.

ii.     Termination Date

The six (6)-month period in CPLR 205(a) "begins 'running upon the date on which the order dismissing the claims in the prior action was entered.'" Cannellas ex rel. Estate of DiGiacomo v. Lentz, 396 F. Supp. 2d 435, 438 (S.D.N.Y. 2005) (brackets omitted) (quoting Yates v. Genesee Cnty. Hospice Found., Inc., 299 A.D.2d 900, 901, 750 N.Y.S.2d 727 (N.Y. App. Div. 2002)); see also Ross v. Jamaica Hosp. Med. Ctr., 122 A.D.3d 607, 608, 996 N.Y.S.2d 118 (N.Y. App. Div. 2014) (finding that the prior action terminated upon the entry of the order

_____

[3]  Rule 12(h) of the Federal Rules of Civil Procedure, which governs the waiver of defenses under Rule 12(b), "was intended to eliminate the piecemeal assertion of Rule 12 defenses by forcing litigants to voice jurisdictional objections before the court wastes its time adjudicating issues over which it has no jurisdiction."  Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 20 (2d Cir. 1995).  That purpose is not undermined by allowing defendants to use the defense of insufficient service of process upon them to challenge plaintiff's attempt to invoke the protection of CPLR 205(a).

dismissing the action); <u>Burns v. Pace Univ.</u>, 25 A.D.3d 334, 335, 809 N.Y.S.2d 3 (N.Y. App.

Div. 2006) (finding that the six (6)-month limitations period in CPLR 205(a) began to run when

the court dismissed the case, not when the judgment was entered, because "[t]he entry of the

subsequent judgment was a mere ministerial act."); <u>Barad v. Comstock</u>, No. 03-cv-736E, 2004

WL 1573999, at * 2 (W.D.N.Y. June 4, 2004) (finding that the six (6)-month period began to run

when the state court entered the order dismissing the action for lack of subject matter

jurisdiction).

Moreover, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, a

"'[j]udgment' * * * includes a decree and any order from which an appeal lies." Where an order

clearly indicates "the judge's intention that it shall be his final act in the case[,] * * * it

constitutes his final judgment * * *[,]" <u>United States v. F. & M. Schaefer Brewing Co.</u>, 356 U.S.

227, 232, 78 S. Ct. 674, 2 L. Ed. 2d 721 (1958), from which an appeal lies. <u>See</u>, <u>e.g.</u> <u>id.</u> at 233,

78 S. Ct. 674. Judge Bianco's "minute order," entered June 19, 2012, indicates that defendants'

"[m]otion to dismiss for lack of Jurisdiction is granted as stated on the record."[4] Following the

determination that the Court lacked subject matter jurisdiction over the prior action, Judge

_____

[4] It is unclear why Judge Bianco subsequently entered, on July 5, 2012, a written order, dated July 2, 2012, providing: "For the reasons set forth on the record on June 18, 2012, IT IS HEREBY ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is granted. The plaintiff's complaint is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case." (Docket Entry ["DE"] 127 in <u>Stair v. Calhoun</u>, No. 07-cv-3906). That subsequent order does no more than what the minute order does, i.e., it grants defendants' motion to dismiss for lack of subject matter jurisdiction for the reasons stated on the record, except (1) that it expressly states what the minute order does <i>sub silentio</i>, i.e., dismisses plaintiff's claims without prejudice (as it must, given the lack of jurisdiction); and (2) that it directs the Clerk of the Court to enter judgment in a separate document, which, as set forth below, was seemingly unnecessary pursuant to Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

Bianco was effectively precluded from any further adjudication of that action, except for entering orders "collateral to the merits[,]" e.g., imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure, awarding attorney's fees, etc. Willy v. Coastal Corp., 503 U.S. 131, 137, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992) ("[A] final determination of lack of subject matter jurisdiction of a case in a federal court * * * precludes further adjudication of it."); see also In re Zyprexa Products Liab. Litig., 467 F. Supp. 2d 256, 273 (E.D.N.Y. 2006) (accord); Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153, 1155 ("[W]ithout jurisdiction, the Court is without power to enter orders.") Since, with exceptions not relevant here, the minute order was necessarily Judge Bianco's final act in adjudicating the prior action, the prior action was effectively terminated upon its entry on June 19, 2012.

Moreover, since the June 19, 2012 minute order effectively denied plaintiff all relief in the prior action, the Clerk of the Court could have, and indeed should have, entered the judgment in a separate document "without awaiting the court's direction" pursuant to Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure. The failure of the Court Clerk to perform that "purely ministerial function," Swan v. Bd. of Educ. of City of N.Y., 319 F.2d 56, 61 (2d Cir. 1963); see also North River Ins. Co. v. Philadelphia Reins. Corp., 63 F.3d 160, 164 (2d Cir. 1995) ("the entry of judgment is a ministerial act"), under Rule 58, i.e., to "promptly prepare, sign, and enter" judgment in a separate document, see Fed. R. Civ. P. 58(a) and (b)(1), did not effect the finality of Judge Bianco's minute order, nor the date on which the prior action was effectively terminated. Accordingly, I reject so much of the Report as found "that the correct termination date is July 10, 2012, the date judgment was entered [by the Clerk of the Court]." (Report at 10).

Since the prior action was terminated within the meaning of CPLR 205(a) on June 19,

13

2012, plaintiff had until December 19, 2012 within which to both commence this action and effect service upon defendants. It can not be disputed that this action was timely commenced, insofar as it was filed on December 13, 2012. Thus, the issue is whether plaintiff met the requirement in CPLR 205(a) that service be effected upon Parella within that same six (6)-month period, i.e., by December 19, 2012.

### iii. Sufficiency of Service

"A process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [a] presum[ption] that [the defendant] was properly served with the complaint." Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id.; see also U.S. Bank Nat'l Ass'n v. Vanvliet, 24 A.D. 3d 906, 908, 805 N.Y.S.2d 459 (N.Y. App. Div. 2005) ("[A] defendant may rebut [a process server's] affidavit with a detailed and specific contradiction of the allegations in the * * * affidavit sufficient to create a question of fact warranting a hearing." (quotations and citation omitted)).

Parella has established that the affidavit of service bears the incorrect town, and omits any zip code, for the address of his actual place of business where the summons and complaint was allegedly mailed to him. Specifically, the affidavit of service designates the address of Parella's actual place of business as: "8000 Utopia Parkway, Fresh Meadows, N.Y." (DE 35). However, the actual mailing address for St. John's University, Parella's actual place of business, is 8000

Utopia Pkwy, Queens, New York 11439. (See Parella's Response to Plaintiff's Objections ["Parella Response"], ¶ 3; www.stjohns.edu/contact-us). Upon submission of that actual mailing address to the United States Postal Service ("USPS"), it provides the "full address" for that location as "8000 Utopia Pkwy, Jamaica, NY 11439-9000." (See https://tools.usps.com/go/Zip LookupResultsAction!input.action?resultMode=0&companyName=&address1=8000+Utopia+Pa rkway&address2=&City=Queens&state=NY&urbanCode=&postalCode=&Zip=11439). Submission of the address indicated on the process server's affidavit of service to the USPS, however, results in the following two (2) messages: "Unfortunately, this address wasn't found" and "Please double check it and try again." (See https://tools.usps.com/go/ZipLookupResults Action!input.action?resultMode=0&companyName=&address1=8000+Utopia+Parkway&addres s2=&City=Fresh+Meadows&state=NY&urbanCode=&postalCode=&Zip=). Moreover, the USPS provides the zip codes 11365 and 11366, not 11439, for Fresh Meadows, New York. (See https://tools.usps.com/go/ZipLookupResultsAction!input.action?resultMode=0&companyName= &address1=&address2=&City=Fresh+Meadows&state=NY+urbanCode=&postalCode=&zip=).

"CPLR 308(2) requires strict compliance," Samuel v. Brooklyn Hosp. Ctr., 88 A.D.3d 979, 980, 931 N.Y.S.2d 675 (N.Y. App. Div. 2011); accord Kearney v. Neurosurgeons of N.Y., 31 A.D.3d 390, 391, 817 N.Y.S.2d 502 (N.Y. App. Div. 2006), with both the delivery and mailing requirements. See Gray-Joseph v. Shuhai Liu, 90 A.D.3d 988, 989, 934 N.Y.S.2d 868 (N.Y. App. Div. 2011); Ludmer v. Hasan, 33 A.D.3d 594, 821 N.Y.S.2d 661, 662 (N.Y. App. Div. 2006). "Although the mailing requirement of CPLR 308(2) does not mandate that the exact mailing address pursuant to the regulations and organization of the [USPS] be used, the requirement is not satisfied unless it is virtually certain that the summons will arrive at

defendant's [actual place of business]." U.S. Bank, 24 A.D.3d at 908, 805 N.Y.S.2d 459 (quotations and citation omitted); accord Gray-Joseph, 90 A.D.3d at 989, 934 N.Y.S.2d 868; Brownell v. Feingold, M.D., 82 A.D.2d 844, 844, 440 N.Y.S.2d 57 (N.Y. App. Div. 1981). "In the absence of any supporting testimony or affidavits from local postal officials or any other nonhearsay evidence establishing that mail sent to [Fresh Meadows, N.Y. with no zip code] will reach [Jamaica, NY 11439]," U.S. Bank, 24 A.D. 3d at 908; cf. Brownell, 82 A.D.2d at 844, 440 N.Y.S.2d 57, plaintiff has failed to establish that he met the mailing requirement of CPLR 308(2) and, thus, that service was properly effected upon Parella within the sixty (60)-day limitations period provided by CPLR 205(a). See, e.g. Avakian v. De Los Santos, 183 A.D.2d 687, 688, 583 N.Y.S.2d 275 (N.Y. App. Div. 1992) (finding that "the evidence presented by the plaintiff was insufficient to demonstrate that a proper mailing occurred withing the meaning of [CPLR 308(2)]" where the process server's affidavit of service reflected a mailing address containing an incorrect city and omitting a zip code); Foster v. Cranin, 180 A.D.2d 712, 712-13, 579 N.Y.S.2d 742 (N.Y. App. Div. 1992) (finding that the complaint was properly dismissed for improper service of process where "it was mailed to an incorrect and incomplete address[.]")

Moreover, "the simple fact that [the defendant] obtained a copy of the * * * [summons and] complaint against [him] is insufficient for service to be deemed effective under New York law." Gerena v. Korb, 617 F.3d 197, 202 (2d Cir. 2010); see also Ruffin v. Lion Corp., 15 N.Y.3d 578, 583, 915 N.Y.S.2d 204, 940 N.E.2d 909 (N.Y. 2010) ("Defendant's actual receipt of the summons and complaint is not dispositive of the efficacy of service."); Macchia v. Russo, 67 N.Y.2d 592, 595, 505 N.Y.S.2d 591, 496 N.E.2d 680 (N.Y. 1986) ("[T]he fact that defendant has received prompt notice of the action is of no moment.") Accordingly, so much of the Report as

finds that the process server's affidavit of service established on its face that Parella was served within the sixty (60)-day limitations period prescribed by CPLR 205(a), and recommends that Parella's motion for summary judgment be denied, is rejected.  Rather, since plaintiff has failed to establish that he effected service of process upon Parella within the sixty (60)-day limitations period of CPLR 205(a), and he specifically opposes "another hearing on this motion, which will be the third hearing," (Plf. Response at 2, 29), the branch of defendants' motion seeking summary judgment dismissing plaintiff's claims against Parella as barred by the applicable statutes of limitations is granted and plaintiff's claims against Parella are dismissed in their entirety with prejudice as time barred.[5]


2.    Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Locke erred (1) in finding that Calhoun was not properly served; (2) in denying his request for an extension of time to effect service upon Calhoun; and (3) in finding that Hanrahan was an officer and/or board member of AVE-1.  Plaintiff's latter objection is clearly without merit, as paragraph ten (10) of his complaint, to which the Report cites, (see Report at 2), expressly asserts that "Calhoun and Hanrahan were members of the Board of Directors of [AVE1]."  (Compl., ¶ 10).

According to plaintiff, dismissing his claims against Calhoun "is not warranted and amounts to Extreme Prejudice to [him] and a Substantial Injustice[,]" (id. at 11), because, *inter alia*, he "acted with diligence in making service;" the applicable statutes of limitations would bar

---

[5]  For the reasons set forth in the Report with respect to Calhoun, (Report at 16-18), plaintiff's request to excuse his failure to effect timely service upon Parella under CPLR 205(a) is denied.

a new action against Calhoun; defendants will suffer no prejudice; Calhoun was "on notice that

the action was imminent[;]" his "claim is an actual valid claim that is likely to succeed on the

merits * * *;" and "any length of delay of service was minimal at best." (Id. at 12).

Calhoun did not file a response to plaintiff's objections to the Report. However, Parella

contends, *inter alia*, that the process server's supplemental affidavit of service "is tentatively

untruthful based on Magistrate Judge Locke's conclusion that it is 'unquestionable' that Calhoun

was not served." (Parella's Response to Plaintiff's Objections, ¶ 7).


a.      Consideration of the Supplemental Affidavit of Service

In support of his objections, plaintiff submits a "Supplemental Affidavit of Service of

Summons and Complaint" by Joseph Rabus, a process server, dated February 18, 2015, i.e., after

Magistrate Judge Locke issued the Report. (See Plf. Obj. at 4 and Ex. A).

Although, upon *de novo* review of a report and recommendation, the district court has

"discretion to consider evidence that had not been submitted to the magistrate judge," Hynes v.

Squillace, 143 F.3d 653, 656 (2d Cir. 1998); see also 28 U.S.C. § 636(b)(1) ("The judge *may* * *

* receive further evidence" upon *de novo* review of a report and recommendation (emphasis

added)); Fed. R. Civ. P. 72(b)(3) (accord), it also has discretion to "refus[e] to allow

supplementation of the record upon [its] *de novo* review." Hynes, 143 F.3d at 656.

"Considerations of efficiency and fairness militate in favor of a full evidentiary submission for

the magistrate judge's consideration." Id. "[A]bsent a most compelling reason, the submission

of new evidence in conjunction with objections to the report and recommendations should not be

permitted." Housing Works v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005); see also

Berbick v. Precinct 42, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013).  In the well-reasoned words of

Judge Kaplan:

> "While there may be cases in which the receipt of further evidence is appropriate,
> there are substantial reasons for declining to do so as a general matter.  First,
> permitting such piecemeal presentation of evidence is exceptionally wasteful of
> the time of both the magistrate and district judges, the former having been
> compelled to write an arguably useless report based on less than the universe of
> relevant evidence and the latter being deprived of the benefit of the magistrate
> judge's considered view of the entire record.  Second, opposing parties would be
> put to the burden of proceedings which, to a considerable degree, would be
> duplicative.  Third, there would be instances in which parties would be
> encouraged to withhold evidence, particularly evidence which might be
> embarrassing as well as helpful on the merits, in the expectation of using it before
> the district judge only if they failed to prevail before the magistrate judge on a
> more abbreviated showing.  Finally, the routine consideration of evidence in
> support of objections which could have been presented before the magistrate judge
> would reward careless preparation of the initial papers."

Morris v. Amalgamated Lithographers of Am., Local One, 994 F. Supp. 161, 163 (S.D.N.Y.

1998).  All of those justifications compel my refusal to consider the supplemental affidavit of

service by plaintiff's process server presented for the first time on plaintiff's objections to the

Report.

Moreover, plaintiff clearly obtained the supplemental affidavit of service in response to

the Report and has provided no reasonable excuse, much less a compelling reason, for his failure

to procure the process server's testimony at the traverse hearing, or to procure and submit a

supplemental affidavit from the process server in time for the hearing, or at any time before

Magistrate Judge Locke rendered the Report.  Plaintiff contends, *inter alia*, that he believed that

the process server's "sworn statement," which admittedly did not declare that it was made "under

penalty of perjury" as required by 28 U.S.C. § 1746, was sufficient for the traverse hearing; that

he "could not financially afford" to bring the process serve to New York to testify at the hearing;

and that he "never considered that it may have been necessary" to procure the process server's attendance at the hearing. (Plf. Obj. at 4). Those excuses, however, are insufficient to constitute excusable neglect under the circumstances of this case. See, e.g. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003); Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997). "It is well within the court's discretion * * * to deny a request to present additional evidence where a party 'offered no [reasonable] justification for not offering the testimony. . . before the magistrate.'" Corines v. Superintendent, Otisville Corr. Facility, 621 F. Supp. 2d 26, 44 (E.D.N.Y. 2008) (quoting Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 894 F.2d 36, 40 n. 3 (2d Cir. 1990)).

Upon de novo review of the Report, the operative pleadings, all motion papers, and plaintiff's objections thereto, so much of Magistrate Judge Locke's Report as recommends (a) granting the branch of defendants' motion seeking summary judgment dismissing plaintiff's complaint as against Calhoun pursuant to Rule 56 of the Federal Rules of Civil Procedure, and (b) denying plaintiff's request for an extension of time to serve Calhoun, are accepted in their entirety. For the reasons set forth herein and in the Report, the branch of defendants' motion seeking summary judgment dismissing the complaint as against Calhoun pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims against Calhoun are dismissed in their entirety with prejudice as time barred.


II.     ORDER TO SHOW CAUSE

The complaint in this action was filed, and summonses were issued as to all defendants, on December 13, 2012. Although on March 7, 2014, plaintiff's former counsel filed affidavits of

service indicating that summonses and the complaint were purportedly served upon Hanrahan on December 15, 2012, and Parella and Calhoun on December 18, 2012, there is no indication on the Court's docket that plaintiff ever served the summonses and complaint upon defendant H. Linwood Gilbert ("Gilbert"). Rule 4(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) * * *." Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. * * *"

Accordingly, plaintiff is hereby,

ORDERED to show cause, **by serving and filing an affidavit on or before April 30, 2015**, why this action should not be dismissed against Gilbert for his failure to serve the summons and complaint upon him within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO FILE AN AFFIDAVIT IN ACCORDANCE WITH THIS ORDER TO SHOW CAUSE WILL RESULT IN THIS ACTION BEING DISMISSED IN ITS ENTIRETY AS AGAINST GILBERT PURSUANT TO RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE WITHOUT FURTHER NOTICE.**

II.    CONCLUSION

For the reasons set forth herein, so much of the Report as (1) finds (a) that Parella and Hanrahan "waived the defense" of insufficient service of process for purposes of challenging plaintiff's attempt to invoke the protection of CPLR 205(a), (Report at 12), (b) "that the correct termination date is July 10, 2012, the date judgment was entered [by the Clerk of the Court]," (Report at 10), and (c) that the process server's affidavit of service established on its face that Parella was served within the sixty (60)-day limitations period prescribed by CPLR 205(a); and (2) recommends that Parella's motion for summary judgment be denied, are rejected, and the Report is otherwise accepted in its entirety.  For the reasons set forth herein and in the Report, (1) the branches of defendants' motion seeking dismissal of plaintiff's claims against Calhoun and Parella pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted and plaintiff's claims against Calhoun and Parella are dismissed in their entirety with prejudice as time barred, and defendants' motion is otherwise denied; and (2) plaintiff must show cause, **by serving and filing an affidavit on or before April 30, 2015**, why this action should not be dismissed against Gilbert for his failure to serve the summons and complaint upon him within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.  Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order and Order to Show Cause upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated:  March 31, 2015
          Central Islip, New York