UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THEODORE STAIR, individually, THEODORE
STAIR, an Officer, Director and Shareholder of
American Virgin Enterprises, Ltd., derivatively
on behalf of American Virgin Enterprises, Ltd.,
and THEODORE STAIR, as a Member of
Sirius Development, LLC, derivatively on
behalf of Sirius Development, LLC,

                Plaintiffs,

   -against-

RORY CALHOUN, JOHN HANRAHAN,
ROBERT E. PARELLA and H. LINWOOD
GILBERT,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
12-CV-6121 (SJF)(SIL)

FILED
CLERK
5/1/2015 4:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

      Pending before the Court is an application by *pro se* plaintiff Theodore Stair ("plaintiff") for leave to proceed *in forma pauperis* on his appeal of so much of an order of this Court, dated March 31, 2015, as granted the branches of defendants' motion seeking dismissal of his claims against Rory Calhoun ("Calhoun") and Robert E. Parella ("Parella") pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismissed his claims against Calhoun and Parella in their entirety with prejudice as time barred. For the reasons stated herein, plaintiff's application is denied.

      Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides, in relevant part, that with an exception not relevant here,[1]

> "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court[] * * * [and] attach an affidavit that: (A) shows in the

---

[1] Since plaintiff did not seek leave to proceed *in forma pauperis* in this action, Rule 24(a)(3) of the Federal Rules of Appellate Procedure is not applicable.

1

detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."

Plaintiff's unsworn declaration[2] in support of his application indicates only that he intends to appeal "[f]rom an order stating (1) the branches of defts [sic] motion seeking dismissal of plaintiffs [sic] claims against Calhoun and Parella pursuant to Rule 56 of the Federal Rules of Civil Procedure are granted and plaintiffs [sic] claims against Calhoun and Parella are dismissed in their entirety with prejudice as time barred entered in this action on the 31st day of March, 2015[,]" without identifying the issues that he intends to present on the appeal as required by Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure.

Moreover, plaintiff's unsworn declaration is not subscribed by him to be "true under penalty of perjury" as required by 28 U.S.C. § 1746.[3] In order to comply with Section 1746, "the declarant must (1) 'declare * * *,' (2) 'under penalty of perjury,' (3) that the matter sworn to is 'true and correct.'" In re World Trade Center Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013) (quoting 28 U.S.C. § 1746). "Inclusion of the language 'under penalty of perjury' is an integral

---

[2] Plaintiff submits two (2) declarations with his application: (a) a "Motion For Leave To Proceed On Appeal In Forma Pauperis" ("plaintiff's unsworn declaration"), in which he declares, *inter alia*, that he believes he is entitled to relief and that he appeals from the part of the March 31, 2015 order indicated above; and (b) an "Application to Proceed in District Court without Prepaying Fees or Costs (Short Form)" ("plaintiff's affidavit"), which addresses only plaintiff's purported inability to pay or to give security for fees and costs on the appeal.

[3] Section 1746 of Title 28 of the United States Code provides, in relevant part:

> "Whenever, * * * under any rule * * * any matter is required * * * to be supported * * * by the sworn * * * affidavit, in writing of the person making the same * * *, such matter may, with like force and effect, be supported * * * by the unsworn declaration * * *, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: * * * (2) If executed within the United States * * *: 'I declare * * * under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."

2

requirement of the statute for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements[,]" id., and omission of that phrase would "allow the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods." Id. (quotations, brackets and citation omitted). Accordingly, Section 1746 "requires that a certification of the truth of a matter be expressly made under penalty of perjury." Id. Since plaintiff merely "declare[s] that [he is] the appellant/petitioner in the above-entitled proceeding[,]" and his unsworn declaration neither indicates that it was made "under penalty of perjury," nor certifies that the matters sworn to therein are "true and correct," it is insufficient to substitute as the affidavit required by Rule 24(a)(1) of the Federal Rules of Appellate Procedure. Accordingly, plaintiff has not submitted an affidavit, or proper substitute therefor, "claim[ing] an entitlement to redress" or "stat[ing] the issues that [he] intends to present on appeal" as required by Rule 24(a)(1)(B) and (C) of the Federal Rules of Appellate Procedure.

Furthermore, plaintiff's affidavit does not contain the level of detail about his inability to pay or to give security for the fees and costs of the appeal required by Rule 24(a)(1)(A) of the Federal Rules of Appellate Procedure. Specifically, plaintiff omitted any information regarding his employment status and income, and responded to only two (2) of the six (6) categories of "other income" he received in the past twelve (12) months. Moreover, plaintiff's response to the amounts of "other income" he receives from the two (2) sources he identified in the affidavit is incomplete, insofar as he asserts only that he "expect[s] to receive" social security disability benefits and food stamps "in the future," but he does not indicate the amounts he received from those sources, if any, in the past twelve (12) months. Since plaintiff has not attached an affidavit satisfying the requirements of Rule 24(a)(1) of the Federal Rules of Civil Procedure, his application for leave to proceed on appeal *in forma pauperis* is denied.

III.  Conclusion

For the reasons set forth herein, plaintiff's motion for leave to proceed on appeal *in forma pauperis* is denied.  Pursuant to Rule 24(a)(4) of the Federal Rules of Appellate Procedure, the Clerk of the Court shall serve notice of entry of this order upon all parties and "immediately notify" the United States Court of Appeals for the Second Circuit of this decision.  Pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure, *inter alia*, plaintiff may file a motion for leave to proceed on appeal *in forma pauperis* in the United States Court of Appeals for the Second Circuit **within thirty (30) days after the Clerk of this Court serves notice of entry of this order upon him**.

SO ORDERED.

                                                SANDRA J. FEUERSTEIN
                                                United States District Judge

Dated:  May 1, 2015
        Central Islip, New York