```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THEODORE STAIR, individually, THEODORE
STAIR, an Officer, Director and Shareholder of
American Virgin Enterprises, Ltd., derivatively
on behalf of American Virgin Enterprises, Ltd.,
and THEODORE STAIR, as a Member of
Sirius Development, LLC, derivatively on
behalf of Sirius Development, LLC,

                 Plaintiffs,

         -against-

RORY CALHOUN, JOHN HANRAHAN,
ROBERT E. PARELLA and H. LINWOOD
GILBERT,

                 Defendants.
------------------------------------------------------------X
```

FILED
CLERK
5/4/2015 11:21 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
12-CV-6121 (SJF)(SIL)

FEUERSTEIN, District Judge:

On or about December 13, 2012, plaintiff Theodore Stair ("plaintiff"), by counsel, commenced this action against defendants Rory Calhoun ("Calhoun"), John Hanrahan ("Hanrahan"), Robert E. Parella ("Parella") and H. Linwood Gilbert ("Gilbert") (collectively, "defendants") pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), asserting claims seeking, *inter alia*, damages for violations of Sections 626 and 720 of the New York Business Corporation Law and Sections 1410 and 2101 of Title 13 of the Virgin Islands Code; fraud; and legal malpractice. On March 7, 2014, plaintiff's then-counsel[1] filed affidavits of service indicating that a summons and the complaint were purportedly served upon Hanrahan on December 15, 2012, and Parella and Calhoun on December 18, 2012; but no affidavit of service

---

[1] During a conference held before me on April 24, 2014, I, *inter alia*, granted plaintiff's motion to relieve his counsel and to proceed *pro se* in this action.

1

indicating that plaintiff served the summonses and complaint upon Gilbert was ever filed. Accordingly, by Order and Order to Show Cause dated March 31, 2015, *inter alia*, plaintiff was ordered to show cause, by serving and filing an affidavit on or before April 30, 2015, why this action should not be dismissed against Gilbert for his failure to serve the summons and complaint upon him within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. On or about April 29, 2015, plaintiff filed an affidavit in accordance with the Order to Show Cause, in which he requests an extension of time to serve Gilbert. For the reasons set forth below, plaintiff's request for an extension of time to serve Gilbert is denied and his claims against Gilbert are dismissed in their entirety pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

I.      Discussion

In his affidavit, plaintiff contends that the failure to timely serve Gilbert with a summons and the complaint in this action was the fault of his former counsel and "was not at all his fault." (Id. at 2). According to plaintiff, "any failure to effect timely service had not been the result of inadvertence on his part, but rather the 'evasive' actions of his attorney, * * * [whose] neglect was extreme[,]" (id.); he "could not have avoided the consequences of his counsel's negligence and flagrant failures of representations," (id.); and he "could only persistently inquire as to the status of the filing of the complaint and service of process on the defendants of his attorney." (Id.) Plaintiff further contends (1) that he is "an innocent client" who should be relieved "from the consequences of his attorney's negligence[,]" (id.); and (2) that he should be granted an extension of time to serve Gilbert since the applicable statutes of limitations have expired and, thus, would bar him from re-filing his claims against Gilbert.

"Good cause, or excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003); accord Chen ex rel. U.S. v. EMSL Analytical, Inc., 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013); Jordan v. Forfeiture Support Assocs., 928 F.

Supp. 2d 588, 597 (E.D.N.Y. 2013). Generally, in determining good cause, "[d]istrict courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999); accord Jordan, 928 F. Supp. 2d at 597; Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013). "A party seeking a good cause extension bears a heavy burden of proof." Chen, 966 F. Supp. 2d at 306; accord Beauvoir v. United States Secret Service, 234 F.R.D. 55, 57 (E.D.N.Y. 2006).

Since "[a]n attorney's * * * neglect[] or mistake do[es] not constitute good cause[,]" Feingold, 269 F. Supp. 2d at 276; accord Chen, 966 F. Supp. 2d at 306; Eastern Refractories, 187 F.R.D. at 505, plaintiff has not satisfied his burden in this case. Moreover, plaintiff proffers no excuse, *inter alia*, for his continued failure to serve Gilbert, or to seek an extension of time to do so, after his attorney was relieved and he was granted leave to proceed *pro se* in this action more than one (1) year ago, even though it was clear from the Court's docket that no affidavit of service was ever filed with respect to Gilbert and Gilbert never appeared in this case.

Nonetheless, courts "have discretion to grant extensions [of the time for service] even in the absence of good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007); accord Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012). "In exercising this discretion, the courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant had attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and 4) whether the defendant had actual notice of the claims asserted in the complaint." Feingold, 269 F. Supp. 2d at 277; accord Jordan, 928 F. Supp. 2d at 598; Eastern Refractories, 187 F.R.D. at 506.

"Generally, when courts consider granting an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120–day period." Eastern Refractories, 187 F.R.D. at 506. Here, plaintiff never moved for an extension of time to serve Gilbert until the Court ordered him to show cause why his claims against Gilbert

3

should not be dismissed pursuant to Rule 4(m), almost three (3) years after he filed the complaint and more than one (1) year after plaintiff's counsel was relieved and plaintiff was granted leave to proceed *pro se* in this action.

Although "courts often consider the fact that the statute of limitations has run on a claim as favoring the plaintiff[,]" Vaher, 916 F. Supp. 2d at 420; accord Beauvoir, 234 F.R.D. at 58, "[t]he fact that plaintiff's claims may be time-barred does not *require* [the Court] to exercise [its] discretion in favor of plaintiff." Eastern Refractories, 187 F.R.D. at 506 (emphasis added); see also Zapata, 502 F.3d at 197 ("[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." (emphasis in original)). The other three (3) factors weigh in favor of Gilbert, insofar as "extending the service period beyond the statute of limitations period for the action imposes a * * * prejudice on defendants, especially where, as here, both the service period and the statute of limitations period have long since expired[,]" Vaher, 916 F. Supp. 2d at 421, and "[w]hile th[e] prejudice is lessened if the defendants had actual notice of the plaintiff's claims," id., there is no indication that Gilbert ever had actual notice of plaintiff's claims against him in this action prior to the expiration of the applicable limitations periods. See, e.g. Abreu v. City of New York, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009) (finding that the defendant "would be prejudiced by any *sua sponte* order prolonging plaintiff's opportunity to serve her on claims that accrued more than four years ago and about which she has received no notice.") Furthermore, Gilbert did nothing to conceal the absence of service of process upon him and, indeed, plaintiff was clearly aware of both the need to serve Gilbert and his attorney's dilatoriness in serving Gilbert, and should have been aware from even the most cursory review of the Court's docket that no affidavit of service had ever been filed with respect to Gilbert and Gilbert never appeared in this action. Accordingly, on balance, the factors weigh in favor of dismissing plaintiff's claims against Gilbert. Although the Court recognizes the hardship that will befall plaintiff upon dismissal of his claims against Gilbert in light of the expiration of the applicable limitations periods, the delay in service upon Gilbert is "sufficiently egregious to compel dismissal." Eastern Refractories at 507; see also

Vaher, 916 F. Supp. 2d at 421 (finding that the prejudice factor weighed in favor of the defendant where "the delay in this case was unusually lengthy and unreasonably prolonged by Plaintiff's lack of diligence.")

Furthermore, "even if the balance of hardships favors the plaintiff a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for [the] neglect." Vaher, 916 F. Supp. 2d at 421. Although plaintiff contends that his failure to timely serve Gilbert should be excused by his attorney's "negligence," he proffers no explanation for his failure to seek an extension of time to serve Gilbert, or to attempt to serve Gilbert himself, in the more than one (1)-year period since (a) his former attorney filed the three (3) affidavits of service and failed to file an affidavit of service with respect to Gilbert; and (b) he was permitted to proceed *pro se* in this action. See, e.g. Zapata, 502 F.3d at 199 (affirming dismissal where the plaintiff made no effort to effect service within the service period; neglected to ask for an extension of time within a reasonable period of time; and advanced no colarable excuse for his delay). Accordingly, plaintiff's request for an extension of time to serve Gilbert is denied and plaintiff's claims against Gilbert are dismissed in their entirety pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

III.    Conclusion

For the reasons stated herein, plaintiffs' request for an extension of time to serve Gilbert is denied and plaintiff's claims against Gilbert are dismissed in their entirety pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED.

_____/s/_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated:  May 4, 2015
        Central Islip, N.Y.