UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THEODORE STAIR, individually, THEODORE
STAIR, an Officer, Director and Shareholder of
American Virgin Enterprises, Ltd., Derivatively on
behalf of American Virgin Enterprises, Inc., and
THEODORE STAIR, a Member of Sirius
Development, LLC, derivatively on behalf of Sirius
Development, LLC,

                              Plaintiffs,

   -against-

RORY CALHOUN, JOHN HANRAHAN, ROBERT E.
PARELLA, and H. LINWOOD GILBERT,

                              Defendants.
------------------------------------------------------------------------x

**MEMORANDUM AND
ORDER**
12-CV-6121 (SIL)

**LOCKE, Magistrate Judge:**

By way of Complaint filed December 13, 2012, Plaintiff *pro se* Theodore Stair

("Plaintiff" or "Stair") commenced this diversity action individually, as an officer,

director, and shareholder of American Virgin Enterprises, LTD., derivatively on

behalf of American Virgin Enterprises, Inc., as a member of Sirius Development,

LLC, and derivatively on behalf of Sirius Development, LLC[1] against Defendants *pro*

*se* Rory Calhoun ("Calhoun"), John Hanrahan ("Hanrahan" or "Defendant"), Robert

E. Parella ("Parella"), and H. Linwood Gilbert ("Gilbert"). *See* Complaint ("Compl."),

Docket Entry ("DE") [1]. Stair alleges: (1) a shareholder derivative suit and direct

action pursuant to the New York Business Corporation Law ("N.Y. Bus. Corp. Law"),

N.Y. Bus. Corp. Law §§ 101, *et seq.*; (2) a derivative suit and a direct action pursuant

---

[1] Although Stair is named as a party in three different capacities, he is referred in the singular
as "Stair" or "Plaintiff" throughout the opinion.

to the United States Virgin Islands Uniform Limited Liability Company Act ("ULLCA"), 13 V.I.C §§ 1101, *et seq.*; (3) common law fraud under New York and United States Virgin Islands law; (4) and attorney malpractice. *See id.* On March 31, 2015, the Hon. Sandra J. Feuerstein dismissed all claims against defendants Calhoun and Parella as time-barred, and subsequently dismissed Gilbert from the case due to untimely service of process. *See* DE [64, 70]. On September 22, 2015, Stair and Hanrahan—the sole remaining parties—consented to the jurisdiction of this Court for all purposes. *See* Electronic Order dated 9/22/15. On that same date, Defendant moved a second time for summary judgment as to all claims against him. *See* DE [82]. Plaintiff opposes this motion, and also seeks sanctions against Hanrahan. DE [84]. For the reasons set forth herein, Defendant's motion for summary judgment is granted in its entirety, Stair's cross motion for sanctions is denied, and the case is dismissed.

## I.   Background

### A.   Facts

As neither party provided a Rule 56.1 Statement, which the Court excuses due to both parties *pro se* status, the Court relies on the sworn affidavits from both this action and the prior related action, Docket Number 07-CV-3906 ("*Stair* I"), to establish the facts of this case.

1. <u>Plaintiff's Account of the Events</u>

Initially, the Court reviews the entire record to provide Plaintiff's version of the events, as Stair did not include a statement of facts in his opposition papers, and most of his submission would be indecipherable otherwise.

American Virgin Enterprises, Ltd. ("AVE-1987") was established as a New York Corporation in 1987. Compl. ¶ 8; 07-CV-3906, Memorandum of Law in Opposition to Motions for Dismissal ("Pl. Opp. Mtn. to Dismiss"), DE [27], at 3. At this time, Stair served as the company's President. Compl. ¶ 9; Pl. Opp. Mtn. to Dismiss at 3. The shareholders consisted of Stair, holding a 29% interest, and five other individuals, including Calhoun. Compl. ¶ 11; Pl. Opp. Mtn. to Dismiss at 3. According to the Complaint, Hanrahan "contributed capital to AVE-1987." Compl. ¶ 12. The purpose of the company was to develop a resort and marina in Coral Bay, St. John, US Virgin Islands (the "Project"). *Id.* at ¶ 14; Pl. Opp. Mtn. to Dismiss at 3. In furtherance of this business venture, AVE-1987 leased a waterfront property ("Property") from the Virgin Islands Port Authority ("VIPA"). Compl. ¶ 15.

AVE-1987 ran into trouble in the early 1990s. Around 1994, the Moravian Church ("Church") claimed that they were the rightful owners of the Property, and commenced an action to quiet title against AVE-1987, VIPA, and the United States Virgin Islands government (the "Litigation"). *Id.* at ¶¶ 16-17; Pl. Opp. Mtn. to Dismiss at 4. In response, AVE-1987 interposed claims against both the Church and VIPA. *See* Compl. ¶ 18; Pl. Opp. Mtn. to Dismiss at 4. In 1993, AVE-1987 was administratively dissolved in New York due to failure to pay taxes. Compl. ¶ 19; Pl.

Opp. Mtn. to Dismiss at 3.  Stair claims that he was never told of the dissolution until April 2001, despite serving as President of the company.  Compl. ¶ 21.  When he learned of the dissolution, Calhoun told him that it was "insignificant" and due to inactivity, and not for failure to pay taxes.  *Id.* at ¶ 22; Pl. Opp. Mtn. to Dismiss at 3.

On May 8, 2001, Calhoun formed a second New York corporation, American Virgin Enterprises, Ltd. ("AVE-2001").  Compl. ¶ 20; Pl. Opp. Mtn. to Dismiss at 4. Stair, Hanrahan, and Calhoun were designated as interim officers of AVE-2001 and each held a 33.3% interest in the corporation.  Compl. ¶ 24(e).  Plaintiff claims that AVE-2001 was incorporated "unbeknownst to [him] and without seeking or obtaining authorization from [him] or the other shareholders of AVE-1987."  *Id.* at ¶ 20. However, on November 24, 2001, he attended a meeting with Defendant and Calhoun.  *Id.* at ¶ 25; Pl. Opp. Mtn. to Dismiss at 5.  Although he did not know the purpose of the meeting in advance, he learned that it was the first meeting of the AVE-2001 board of directors.  Compl. ¶ 26.  At the meeting, Calhoun was appointed President, Stair as Vice President and Treasurer, and Hanrahan as Secretary. Compl. ¶ 34.  The minutes from that meeting indicate that AVE-2001 was the successor to AVE-1987, and took over all the rights and assets of the former corporation.  *See* Affirmation and Memorandum of Law in Opposition to Defendant Hanrahan's Second Motion for Summary Judgment ("Pl. Mem. Law"), DE [84], Ex. A. ("Minutes of First Meeting of the Board of Directors"), at 2.  At the meeting, Calhoun represented that reinstatement of AVE-1987 was too expensive, and that the stockholders of AVE-1987 who were not involved in AVE-2001 would be "taken

care of." Compl. ¶ 28.  Plaintiff believes that these statements were made to induce him to ratify AVE-2001.  *Id.* at ¶ 29; Pl. Opp. Mtn. to Dismiss at 5.  He further contends that Defendant and Calhoun intended to vote as a block, for the purpose of "usurping control of the corporation, which would ultimately rest with Calhoun." Compl. ¶ 30; *see also* Pl. Opp. Mtn. to Dismiss at 6.

Then, according to Plaintiff, in 2005 or early 2006, Calhoun, on behalf of AVE-1987, entered into a settlement with VIPA in connection with the Church Litigation. Compl. ¶ 40.  He does not offer any details regarding the resolution of the Litigation, and the only description he provides of the settlement is that it was "contrary to the interests of" AVE-1987 and AVE-2001, and that he was never notified of its terms. *Id.* at ¶¶ 40, 43.

Around the same time of the settlement, in August 2005, Sirius Development LLC ("Sirius") was formed as a United States Virgin Islands limited liability company.  *Id.* at ¶ 38; Pl. Opp. Mtn. to Dismiss at 6.  The members of Sirius are Calhoun (as Managing Member), Hanrahan, Stair, Gilbert, and Parella.  Compl. ¶ 47.  Similar to AVE-2001, Plaintiff claims that he did not learn of the formation of Sirius until May 2006, at which time its operating agreement ("Operating Agreement") was prepared and executed.  *Id.* at ¶¶ 49, 51; *see also* Memorandum of Law in Opposition to Defendants Motion for Summary Judgment ("Pl. First Opp. Mtn. Sum. Judgment"), DE [40], at 5.  Stair was presented with the Operating Agreement at this time, which he refused to execute.  Compl. ¶¶ 49, 51. According to the Operating Agreement, Stair holds fourteen voting units in the LLC, the lowest of

all the members, and a lower amount of shares in both AVE-1987 and AVE-2001. *Id.* at ¶ 47.

In January 2006, before the Operating Agreement was signed, Sirius leased from the Church the Property that was subject of the prior quiet title action. *Id.* at ¶ 41; Pl. Opp. Mtn. to Dismiss at 6. Stair was never notified of this lease, and he claims that this lease is connected to a settlement of the Litigation orchestrated by Calhoun. *See* Compl. ¶ 41, 43 ("[I]n a transaction related, directly or indirectly, to the Settlement, Sirius entered into a lease with the Church whereby Sirius leased from the Church for a 99-year term the Property which was previously leased to AVE-1987 by the VIPA and which was central to the Project and to the disputes raised in the Church Litigation."). Thereafter, Calhoun, Hanrahan, Gilbert, and Parella engaged in discussions with T-Rex Capital LLC regarding funding for the Project, and subsequently formed T-Rex St. John LLC ("T-Rex SJ"), another United States Virgin Islands limited liability company. *Id.* at ¶¶ 53-54. Sirius held a 50% ownership interest in T-Rex SJ. *Id.* at ¶ 56. At some point, the leasehold interest in the Church Property was transferred from Sirius to T-Rex SJ. *Id.* As a result, Plaintiff's ownership interest in the Project "was further reduced to 7%." *Id.* at ¶ 57.

Stair claims that, due to the actions by his former business partners and the reduction in his interest in the Project, he is entitled to $19,000,000.00.

### 2. Defendant's Version of the Events

The Court relies on the "historical background and procedures" that Defendant provides in his reply memorandum of law as well as other submissions in the record

in setting forth his version of the facts.  *See* Defendant's Reply to Plaintiff's Affirmation and Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Def. Reply"), DE [85], at 1.

Hanrahan acknowledges that AVE-1987 was formed as a New York corporation to develop the Project in the United States Virgin Islands.  *Id.* at 1; 07-CV-3906, Memorandum of Law in Support of Motion By Rory Calhoun, John Hanrahan, Robert E. Parella, H. Linwood Gilbert, and T-Rex St. John LLC to Dismiss Counts II and III of the Complaint ("Def. Mem. Law Mtn. to Dismiss"), DE [16], at 3. He explains that it was dissolved under United States Virgin Islands law in 1990 for failure to pay franchise taxes, and was dissolved as a New York corporation in 1993 for the same reason.  Def. Reply. at 1; Def. Mem. Law Mtn. to Dismiss at 4.

In 2000, the attorney of record for the Litigation, Michael DiRaimondo, was notified of a pre-trial conference in the United States Virgin Islands.  Def. Reply at 2. DiRaimondo sent a letter to Stair and Calhoun explaining that the he could not attend and that the lawsuit is against a corporation "that doesn't exist . . . ."  *Id.* at 2 and Ex. C ("Mar. 28, 2001 Ltr. DiRaimondo to Stair").  Thereafter in April 2001, Hanrahan met with Stair and Calhoun to discuss the possibility of re-instating AVE-1987, which had been dissolved for eight years.  Def. Reply at 2. After contacting the New York Secretary of State and being advised that reinstatement of the corporation would be costly, they decided to form AVE-2001.  *Id.*  Defendant contends that he, Calhoun, and Plaintiff decided to form AVE-2001 to "have an existing corporation" if necessary for the Church Litigation.  *Id.* at 3.  Subsequently, the parties informed

the United States Virgin Islands court that AVE-1987 had been dissolved. *Id.* at 4. That Court "decided that AVE-1987, though dissolved, could wind up its affairs, specifically the pending [Church L]itigation." *Id.* at 4. As such, AVE-2001 was never utilized for its created purpose, and also was dissolved. *Id.*

The Litigation between VIPA and the Church continued, and, in 2004, the Court determined that the Church was the fee owner of the Property formerly leased to AVE-1987. *See* Defendants Notice of Motion for Summary Judgment ("Def. Mtn."), DE [82], Ex. D ("Letter - Safe Harbor Notice to Susan Schneiderman < Esq."), at Ex. A at 5. As a result, AVE-1987 was ordered to "immediately vacate" the Property. *Id.* at 6. Subsequent to this decision, Calhoun negotiated a settlement with VIPA on behalf of AVE-1987 in connection with the Litigation, under which VIPA paid AVE-1987 the "net amount" of $330,000. Def. Reply at 4-5. Calhoun attempted to find the former shareholders and creditors of AVE-1987 to distribute the proceeds, including placing legal notices to find certain investors. *See* 07-CV-3906, Declaration of Rory Calhoun Regarding Plaintiff's Counsel's Motion to Withdraw ("Calhoun Decl."), DE [77], at ¶¶ 4-8. Notably, Calhoun distributed the proceeds to both Stair and Stair's late mother's estate, as she was also an investor of AVE-1987. *Id.* at ¶ 10; Def. Reply at 5.

Also after the Litigation was resolved, the Church was looking for proposals to develop the Property. Def. Reply at 4. Hanrahan, along with Calhoun, Parella, and Gilbert, formed Sirius and entered into a lease with the Church for development. *Id.*; Def. Mem. Law Mtn. to Dismiss at 5. Stair declined membership in this project. Def.

Reply at 5; Def. Mem. Law Mtn. to Dismiss at 5.  As part of the deal, Sirius deposited two million dollars into an escrow account with the Church.  Def. Reply at 4.  Plaintiff did not contribute any "effort or capital" to Sirius or the new project with the Church. *Id.* at 5.

Neither party provides information as to the current state of the development of the Property.

**B.  <u>Procedural History</u>**

This is the second action filed in this Court regarding the same underlying events.  The first action, *Stair* I, was commenced by Plaintiff on September 18, 2007. *See* 07-CV-3906, DE [1].  In that Complaint, Plaintiff asserts the same causes of action as he does in this case for violations of N.Y. Bus. Corp. Law §§ 626 and 720, 13 V.I.C §§ 1410 and 2101, common law fraud under New York and United States Virgin Islands law, and attorney malpractice.  *Id.*  The defendants moved to dismiss which the Hon. Joseph F. Bianco granted in part and denied in part, with leave to file an amended complaint.  07-CV-3906, DE [47].  Stair subsequently filed an amended complaint and the defendants again moved to dismiss.  *See* 07-CV-3906, DE [48, 54, 58, 59].  Judge Bianco granted the second motion to dismiss as to the common law fraud claim against Hanrahan pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), but denied the motion in all other respects.  07-CV-3906, DE [68].  However, on July 2, 2012, Judge Bianco granted the defendants' subsequent motion to dismiss the entire case for lack of subject matter jurisdiction, again without prejudice.  *See* 07-CV-3906, DE [127].

Five months later, Plaintiff commenced this current litigation, alleging the same causes of action as in *Stair* I.  *See* Compl.  All claims are asserted against Hanrahan with the exception of attorney malpractice.  *Id.*  On April 16, 2014, Defendants Hanrahan, Calhoun, and Parella moved for summary judgment as to all claims.  *See* DE [45].  After Judge Bianco recused himself from the case on April 8, 2014, it was re-assigned to Judge Feuerstein, who granted-in-part and denied-in-part the motion, dismissing all claims against Calhoun and Parella with prejudice as time-barred.  DE [64].  She also dismissed all causes of action against Gilbert for untimely service of process.  *See* DE [70].

All claims against Hanrahan remain.  On September 22, 2015, the parties consented to the jurisdiction of this Court for all purposes.  *See* Electronic Order dated 9/22/15.  That same day, Defendant moved for summary judgment.[2]  DE [82].  In his motion for summary judgment, Hanrahan seeks dismissal of all Plaintiff's claims under the N.Y. Bus. Corp. Law and United States Virgin Islands law, as well as for common law fraud.  DE [82].  Stair opposes the motion, and also seeks sanctions against Defendant.  DE [84].

---

[2] Plaintiff argues that Hanrahan previously moved for summary judgment in this action and should therefore be precluded from moving for such relief a second time.  Although Defendant did file a motion for summary judgment with his co-defendants on April 16, 2014, *see* DE [45], Judge Feuerstein permitted Hanrahan to file and serve a second motion for summary judgment.  *See* Transcript of Status Conference Held on 9/22/15 ("9/22/15 Tr.") 6:11-20.  Accordingly, the Court need not address this issue a second time.

10

## II.     Legal Standards

### A. <u>Summary Judgment Standard</u>

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met his initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation marks omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In determining whether summary judgment is warranted, "the court's responsibility is

not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

### B. Standard for Review of *Pro Se* Filings

Both Stair and Hanrahan are proceeding *pro se.*  Plaintiff was represented by counsel at the commencement of this action, but his counsel was removed as attorney of record on April 24, 2014.

The Court notes at the outset the well-settled principle that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)).  "Nonetheless, in order to survive summary judgment a *pro se* plaintiff must 'abide by [applicable] evidentiary requirements . . . , which means he must offer some hard evidence showing that his version of the events is not wholly fanciful.' " *Kendrick v. Greenburgh Hous. Auth.*, 07-CV-5859, 2011 U.S. Dist. LEXIS 29866, at *12-*13 (S.D.N.Y. Mar. 22, 2011) (quoting *McAfee v. Law Firm of Forster & Garbus*, 06-CV-2925, 2008 U.S. Dist. LEXIS 63794, at *6-*7 (E.D.N.Y. Aug. 18, 2008)).  In cases involving *pro se* parties, the Court has broad discretion to search the record in an effort to determine whether triable issues of material fact exist.  *See McAfee*, 2008 U.S. Dist. LEXIS 63794, at *8 (collecting cases).  *Pro se* filings should be interpreted "to raise the strongest arguments they suggest," the idea being that "implicit in the

right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.   Discussion

### A.  New York Business Corporation Law

Stair has commenced a shareholder derivative suit on behalf of AVE-1987 and AVE-2001, as well as a direct suit against Hanrahan in his capacity as director of the AVE companies, pursuant to sections 626 and 720 of the N.Y. Bus. Corp. Law.  *See* Compl. ¶ 58.  Plaintiff asserts that Defendant "failed to exercise good faith in [his] performance of [his] duties as director[] and officer[] of" AVE-1987 and AVE-2001 . . . ."  *Id.* at ¶ 60.  For the reasons set forth below, Defendant's motion for summary judgment as to Stair's N.Y. Bus. Corp. Law's claims is granted.

#### 1.  N.Y. Bus. Corp. Law § 626:  Shareholder Derivative Suit

##### i.  *Standing*

Initially, Hanrahan seeks summary judgment alleging that, in essence, Plaintiff lacks standing to maintain a shareholder derivative suit on behalf of AVE-1987 and AVE-2001.  *See* Def. Mem. at 3.  Specifically, he argues:

> BCL section 626 refers to shareholder derivative actions but requires Plaintiff to be a shareholder at the time of the transaction complained of and at the time of the complaint.  The actions allegedly took place after 2001 and the initial complaint was filed in 2007.  The present complaint was filed in 2012. American Virgin Enterprises – 1987 was dissolved in New York in 1993 for failure to pay its taxes.  Therefore,

BCL 626 does not apply to neither Stair nor the dissolved AVE – 1987 [*sic*].

*Id.* The Court disagrees.

Pursuant to section 626 of the N.Y. Bus. Corp. Law, a shareholder may bring an action "in the right of a domestic or foreign corporation to procure a judgment in its favor . . . ."  N.Y. Bus. Corp. Law § 626(a).  For a shareholder to have standing to maintain such a suit, "it shall be made to appear that the plaintiff is such a holder at the time of bringing the action and that he was such a holder at the time of the transaction of which he complains, or that his shares or his interest therein devolved upon him by operation of law."  *Id.* at § 626(b); *see SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A.*, 934 F. Supp. 2d 516, 528 (E.D.N.Y. 2013), *aff'd,* 548 F. App'x 741 (2d Cir. 2014) ("Under both the Federal Rules of Civil Procedure and New York law, a plaintiff does not have standing to bring a derivative suit unless she owned shares in the corporation at the time of the alleged wrongdoing.").  "This rule has been strictly enforced by courts because only current shareholders have a continuing interest in the welfare of the company."  *Zentz v. Int'l Foreign Exch. Concepts, L.P.*, No. 229542/2010, 2011 WL 5009553, at *8 (Sup. Ct. Oct. 20, 2011), *aff'd,* 106 A.D.3d 904, 965 N.Y.S.2d 180 (2d Dep't 2013); *see also Snyder v. Pleasant Valley Finishing Co.*, 756 F. Supp. 725, 730 (S.D.N.Y. 1990) ("It is well-settled that under B.C.L. § 626, the plaintiff in a shareholder derivative action must not only have been a shareholder at the time of the transaction about which she complains but must maintain her shareholder status throughout the pendency of the action or the action will abate as a derivative suit.").

The Court first turns to Hanrahan's contention that Stair cannot maintain this shareholder derivative action because he was not a shareholder on the date the complaint was filed, December 13, 2012.  Indeed, AVE-1987 was dissolved in 1993 and AVE-2001 was dissolved in 2009, both prior to the filing of the Complaint.  *See* Compl. ¶ 19 (AVE-1987 dissolved in 1993); Pl. Mem. Law at 2 (AVE-2001 dissolved in 2009).  However, the New York Court of Appeals, interpreting N.Y. Bus. Corp. Law § 626, has recognized that "when the corporation has dissolved, the shareholder's interest does not abruptly end."  *Indep. Inv'r Protective League v. Time, Inc.*, 50 N.Y.2d 259, 264, 428 N.Y.S.2d 671 (1980); *see also In re Spielfogel*, 237 B.R. 555, 560 (E.D.N.Y. 1999) (citing *Indep. Inv'r Protective League* with approval).  Rather, "a shareholder of a dissolved corporation has sufficient interest in a derivative action to satisfy the spirit of the rule requiring ownership at the commencement of the action." *Indep. Inv'r Protective League*, 50 N.Y.2d at 264; *see Tucci v. 56 Beaver St. Rest. Corp.*, No. 83 CIV. 7662, 1986 WL 6166, at *3 (S.D.N.Y. May 23, 1986) ("Moreover, a derivitive [*sic*] action may be brought even after dissolution."); N.Y. Bus. Corp. Law § 1006(b) ("The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution . . . .").  Accordingly, Plaintiff is not foreclosed from suing derivatively on either corporation's behalf by filing the Complaint after the dissolution of the companies. *See Snyder*, 756 F. Supp. at 730 ("A corporation's dissolution or liquidation, without more, will not defeat a shareholder's right to prosecute an action on the corporation's behalf since, under

15

B.C.L. § 1006, the rights and remedies of the shareholders existing prior to dissolution are viewed as if the dissolution never occurred.") (internal quotation marks omitted); *Corcoran v. Corcoran*, 192 A.D.2d 503, 504, 596 N.Y.S.2d 86, 87 (2d Dep't 1993) ("[D]issolution of the corporation had no bearing on the plaintiff's ability to bring or maintain this [shareholder derivative] suit.").

The Court also concludes that there is a question of fact as to whether Plaintiff was a shareholder at the time of the "transactions of which he complains . . . ." *See* N.Y. Bus. Corp. Law § 626(b).  Turning first to Stair's allegations regarding AVE-1987, he states that Hanrahan failed to perform his duties as a director and officer by allowing, unbeknownst to Plaintiff, AVE-1987's dissolution by the Secretary of State, extinguishing the equity interests of other shareholders, and failing to provide notice of meetings to shareholders.  *See* Compl. ¶ 60(a)-(c).  Hanrahan has not provided any evidence that these events occurred after the dissolution of AVE-1987, or that Plaintiff was not a shareholder throughout the entire existence of the company.  Indeed, the very nature of these events suggest that they occurred while AVE-1987 was an active corporation and hence while Stair was a shareholder.  Thus, construing ambiguities in favor of Plaintiff, the Court denies summary judgment on these grounds.

The same is true for AVE-2001.  Plaintiff alleges that Defendant failed to perform his duties as a director of AVE-2001 by causing:  (1) the assets of AVE-1987 to be transferred to AVE-2001; (2) the formation of AVE-2001 "without regard for legal requirements;" (3) the equity interests in AVE-2001 to be distributed in a

16

contrary manner to that of AVE-1987, including an issuance of shares to Hanrahan; (4) Calhoun to have "unbridled authority" over AVE-2001; and (5) the assets and business of AVE-2001 to be transferred to Sirius. *See id.* at ¶ 60(d)-(i). Many of these events likely occurred prior to the dissolution of AVE-2001 such that Stair was a shareholder at the time of the transactions of which he complains. For example, as an obvious matter, the formation of AVE-2001 occurred at the time of incorporation— 2001. In any event, Defendant provides no evidence suggesting that these events occurred after AVE-2001's dissolution in 2009, or that Plaintiff was not a shareholder throughout the existence of AVE-2001.

Accordingly, summary judgment on the grounds that Stair does not have standing to maintain a derivative suit is denied.

### ii.   *Plaintiff's Derivative Claims*

Stair complains that Hanrahan, as director and officer, violated his "duties" of care and good faith to both AVE-1987 and AVE-2001, and is suing derivatively on that ground. *See id.* at ¶ 59. In his motion papers, Defendant claims that these allegations are "frivolous and meritless." Def. Mem. at 4. The Court interprets this as an argument that Plaintiff has failed to submit sufficient evidence to support his claims that Hanrahan breached his fiduciary duties to both companies, and as a result, those claims must be dismissed as a matter of law.

A claim for a breach of fiduciary duty under New York law requires a showing of a: " ' (1) breach by a fiduciary of a duty owed to the plaintiff; (2) defendant's knowing participation in the breach; and (3) damages.' " *In re Eugenia VI Venture Holdings,*

17

*Ltd. Litig.*, 649 F. Supp. 2d 105, 124 (S.D.N.Y. 2008), *aff'd sub nom. Eugenia VI Venture Holdings, Ltd. v. Glaser*, 370 F. App'x 197 (2d Cir. 2010) (quoting *CreditSights, Inc. v. Ciasullo*, 2008 WL 4185737, at *16 (S.D.N.Y. Sept. 5, 2008)). "It is well-established that the directors of a corporation owe fiduciary duties to that corporation." *Id.* Regarding the duty of care, New York law "requires a director to 'perform his duties ... in good faith and with that degree of care which an ordinarily prudent person in like position would use under similar circumstances.' " *Patrick v. Allen*, 355 F. Supp. 2d 704, 712–13 (S.D.N.Y. 2005) (quoting N.Y. Bus. Corp. Law § 717(a)). Further, "directors are obligated to exercise all their responsibilities . . . in good faith." *Higgins v. New York Stock Exch., Inc.*, 10 Misc. 3d 257, 283, 806 N.Y.S.2d 339, 361 (N.Y. Sup. 2005); *see also In re Shao Ke*, No. 09-32272-5, 2012 WL 1890261, at *5 (Bankr. N.D.N.Y. May 23, 2012).

Turning first to the allegations regarding AVE-1987, Stair claims that Hanrahan violated his "duties" as a director and officer by failing to provide notice of meetings to shareholders and dissolving the company. *See* Compl. ¶¶ 59-60. In his moving papers, Defendant argues that he was never a director or officer of AVE-1987 and therefore cannot be liable for this claim, and Plaintiff does not argue otherwise, stating in his opposition only that Hanrahan was a shareholder of AVE-1987. Def. Mem. at 3; Pl. Mem. Law at 1-2. Further, in his deposition, Plaintiff corroborated that Defendant was "nobody" in AVE-1987, just a "creditor." *See* Def. Mem. at Ex. C ("Mar. 29, 2011 Deposition of Theodore Stair") at 65:11-12, 66:17-19; *see also* Plaintiff's Objections to Magistrate Judge Steven Locke's Report and

18

Recommendations Filed 2/09/2015 ("Pl. Objections"), DE [59], at Ex. E ("Corporate Resolutions of American Virgin Enterprises, Ltd."), at 2 (listing Stair, Calhoun, William Childs, and Michael DiRaimondo as the officers of AVE-1987). Accordingly, because Hanrahan was never a director of AVE-1987, he could not have violated his fiduciary duties as such, and his motion for summary judgment as to section 626 of the N.Y. Bus. Corp. Law regarding AVE-1987 is granted.

The record is also devoid of evidence supporting Plaintiff's contention that Hanrahan breached his fiduciary duty to AVE-2001. Defendant was a director of AVE-2001 and therefore had fiduciary obligations to the company. *See* Letter - Safe Harbor Notice to Susan Schneiderman < Esq. at Ex. L ("Statement of Incorporation and Minutes of the First Meeting of the B.O.D."), at 1. However, the record contains no evidence that Hanrahan breached his fiduciary duty of care or good faith to AVE-2001. In alleging a breach, Stair complains that Hanrahan caused the formation of AVE-2001 "without regard for legal requirements or prohibitions," and structured AVE-2001 such that Calhoun was vested with "unbridled authority." *See* Compl. ¶ 60. Stair submits no evidence, documentary or otherwise, supporting either claim. *See N. Fork Pres., Inc. v. Kaplan*, 68 A.D.3d 732, 733, 890 N.Y.S.2d 93 (2d Dep't 2009) ("Inasmuch as the plaintiffs failed to produce any evidence to substantiate their allegations of fraud, bad faith, the waste of corporate assets, or the breach of fiduciary duty, the Supreme Court properly granted the defendants' motion for summary judgment dismissing all of the remaining claims in the amended complaint.").

Stair also claims that Hanrahan caused the equity interest in AVE-2001 to be distributed in a manner inconsistent with that of AVE-1987, and transferred AVE-2001's assets to Sirius.  *See* Compl. ¶ 60.  Regarding the first contention, there is no evidence that the distribution of the equity interest in AVE-2001 was a breach of Hanrahan's duties of care or good faith, particularly as AVE-1987 was a corporation that had dissolved eight years earlier.  Also, the only "assets" identified of either AVE corporation is the voided lease of the Property that was subject of the Litigation.  Stair believes that the lease with Sirius was a benefit owed to AVE-1987 for its counter-claims in the Litigation, as he testified that the lawsuit against the Church was resolved "to squash their cross-claims [because] they agreed to enter into a new lease agreement with us."  *See* 07-CV-3906, Apr. 29, 2011 Ltr. from Defendants to J. Bianco ("Apr. 29, 2011 Ltr"), DE [99], at Ex. 1 ("Mar. 29, 2011 Deposition of Theodore Stair"), DE [99-2], at 146:24-147:2.  However, the original investors of AVE-1987 were compensated through the settlement that Calhoun negotiated with VIPA in connection with the Litigation, the proceeds of which he subsequently distributed to the shareholders, including Stair and his mother.  Calhoun Decl. ¶¶ 4-8.  As such, Plaintiff has failed to submit evidence that Sirius's agreement with the Church to lease this Property was a violation of Hanrahan's fiduciary duties to AVE-2001 sufficient to defeat summary judgment.

Finally, Stair claims that Defendant breached his duty as director of AVE-2001 by issuing "equity shares in AVE-2001" to himself.  Compl. ¶ 60(g).  This allegation, which suggests self-dealing, is more akin to a breach of fiduciary duty of loyalty,

which Plaintiff does not allege against Hanrahan.  *See Higgins*, 10 Misc. 3d at 278 ("The fiduciary duty of loyalty imposes on corporate directors an obligation not to assume and engage in the promotion of personal interests which are incompatible with the superior interests of their corporation as the directors owe the corporation their undivided and unqualified loyalty.") (internal quotations and alterations omitted).  Moreover, there is no evidence in the record that the issuance of these shares in and of itself violated Hanrahan's fiduciary duties or injured the company.  Accordingly, Hanrahan is entitled to summary judgment as a matter of law.

For the reasons set forth above, the record is devoid of evidence sufficient to support Stair's derivative claim under New York Bus. Corp. Law § 626.  Accordingly, Defendant's motion for summary judgment dismissing Plaintiff's claims on behalf of the AVE companies pursuant to N.Y. Bus. Corp. Law § 626 is granted.

### 2.  N. Y. Bus. Corp. Law § 720:  Direct Claim

Stair also seeks relief against Hanrahan directly pursuant to N.Y. Bus. Corp. Law § 720.  Section 720 allows claims against a director for misconduct, including "[t]he neglect of, or failure to perform, or other violation of his duties in the management and disposition of corporate assets committed to his charge" or "the loss or waste of corporate assets . . . ."  *See* N.Y. Bus. Corp. Law § 720(a).  Unlike derivative claims, section 720 claims are original in nature.  *See Cohen v. Innovative Concepts in Entm't, Inc.*, No. CIV-83-1414E, 1986 WL 9591, at *3 (W.D.N.Y. Aug. 27, 1986) ("However, pursuant to section 720(b) of New York's Business Corporation Law, a shareholder or a director may maintain suit in his own name against a director

21

or officer of the corporation."); *Application of Blakeman*, 512 F. Supp. 325, 329 (E.D.N.Y. 1981) ("An action under BCL s 720 is not a stockholder's derivative suit."); *Conant v. Schnall*, 33 A.D.2d 326, 328, 307 N.Y.S.2d 902, 904–05 (3d Dep't 1970) ("An action under section 720 differs from an action under section 626 in many crucial respects. It is not derivative but original, being a statutory right of action rather than an equitable one.").

Defendant first challenges this claim as to AVE-1987 because, as set forth above, he was never a director or officer of that corporation. *See* N.Y. Bus. Corp. Law § 720(a) ("An action may be brought against one or more directors or officers of a corporation . . . ."); *Hood v. Ascent Med. Corp.*, No. 13CV0628, 2016 WL 1366920, at *15, n. 13 (S.D.N.Y. Mar. 3, 2016), (Report and Recommendation), *adopted by*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016) ("Similarly, as none of the remaining defendants are officers or directors [], Plaintiff cannot establish their liability under Section 720 of the New York Business Corporations Law, which allows an officer, director, or shareholder to bring an action against the directors and officers of a corporation for waste, unlawful conveyance, or other misconduct.").   Because Defendant was never a director or officer of AVE-1987, and section 720 is inapplicable to shareholders, Plaintiff's claim as to AVE-1987 fails as a matter of law. *See Kuo v. Kuo*, No. 96 CIV. 5130, 1999 WL 123379, at *5 (S.D.N.Y. Mar. 4, 1999), *aff'd,* 216 F.3d 1072 (2d Cir. 2000) ("New York Business Corporation Law § 720, the statute that provides plaintiffs with a cause of action for an accounting against [an officer], does

not apply to shareholders."). Accordingly, summary judgment is granted as to Plaintiff's section 720 claim against Hanrahan as a director of AVE-1987.

Turning to AVE-2001, Plaintiff asserts the same underlying events in support of both his original and derivative claim, which are set forth above. Here, the record is devoid of evidence that Hanrahan violated section 720. Plaintiff submits no evidence of negligence, failure to perform, or waste of corporate assets. And, as established above, there is no indication that Defendant breached his duty of care to AVE-2001. As such, Plaintiff's section 720 claim as to AVE-2001 also fails. Accordingly, Defendant's motion for summary judgment as to Stair's claims pursuant to section 720 of the N.Y. Bus. Corp. Law is granted.

## B. United States Virgin Islands Law

Plaintiff also alleges causes of action against Hanrahan under United States Virgin Islands Law, specifically pursuant to the ULLCA, in connection with the formation of Sirius and its lease of the Church Property. Stair again asserts both direct and derivative claims, specifically under 13 V.I.C § 1410, which creates a statutory right for a member of an LLC to sue another member, and 13 V.I.C § 2101, which provides for a derivative claim on behalf of a member-managed company. Hanrahan seeks summary judgment under both sections.

The Court notes at the outset that only a handful of cases have interpreted the relevant provisions of the ULLCA, including an opinion in *Stair* I. Section 1410 of the ULLCA, which governs limited liability companies in the United States Virgin Islands, permits a member to bring suit against another member. *See Cameron v.*

*Rohn*, No. CIV. 10-126, 2012 WL 511443, at *3 (D.V.I. Feb. 14, 2012) ("Although a member of an LLC is not a co-owner of the LLC's property, under Virgin Islands law, members are allowed to bring suit against another member in certain situations."). The statute provides:

> A member [of an LLC] may maintain an action against a limited liability company or another member for legal or equitable relief, with or without an accounting as to the company's business, to enforce: (1) the member's rights under the operating agreement; (2) the member's rights under this chapter; and (3) the rights and otherwise protect the interests of the member, including rights and interests arising independently of the member's relationship to the company.

13 V.I.C § 1410. "A plain reading of subsection (a)(1) and (a)(2) of § 1410 permits both statutory rights under the ULLCA and rights arising under the Operating Agreement to be enforced directly by one member of an LLC against another." *Cameron*, 2012 WL 511443, at *4. Subsection (a)(3) also "protect[s] independent causes of action that are separate from rights protected under the ULLCA or an operating agreement, but it does not create any further substantive cause of action by one member against another." *Id.*

Section 2101 of the ULLCA provides for a derivative claim on behalf of an LLC. Pursuant to the statute, "[a] member of a limited liability company may maintain an action in the right of the company if the members or managers having authority to do so have refused to commence the action or an effort to cause those members or managers to commence the action is not likely to succeed." 13 V.I.C § 2101. This right is independent of the right to bring an original claim against another member under section 1410. *See Cameron*, 2012 WL 511443, at *4 ("Thus, this right to bring

24

a direct action is independent of any right that a member may have under 13 V.I.C. § 2101 to bring a derivative action on behalf of the LLC.").

Under the ULLCA, a member owes the fiduciary duties of loyalty and care to the member-managed company and his or her co-members. *See* 13 V.I.C § 1409(a). The duty of loyalty includes the obligation to:

> (1) [] account to the company and to hold as trustee for it any property, profit, or benefit derived by the member in the conduct or winding up of the company's business or derived from a use by the member of the company's property, including the appropriation of a company's opportunity;
> (2) [] refrain from dealing with the company in the conduct or winding up of the company's business as or on behalf of a party having an interest adverse to the company; and
> (3) [] refrain from competing with the company in the conduct of the company's business before the dissolution of the company.

*Id.* at 1409(b). The duty of care applies to "the conduct of and winding up of the company's business" and "is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law." *Id.* at 1409(c). Both duties must be discharged in good faith. *Id.* at 1409(d).

As an initial matter, the parties dispute whether Stair was a member of Sirius and therefore can maintain a derivative or direct claim as a member of the LLC. Hanrahan argues that Plaintiff refused to sign Sirius's Operating Agreement and therefore is not a member. *See* Def. Mem. at 5. However, in *Stair* I, Hanrahan, along with other defendants, submitted a Memorandum of Law in support of a Motion to Dismiss which stated that "Plaintiff Theodore Stair ("Stair") is a member of Sirius . . . ." *See* Def. Mem. Law Mtn. to Dismiss at 3. In light of Defendant's conflicting

statements, the Court denies summary judgment on the grounds that Plaintiff was not a member of the LLC.[3]

Nonetheless, Stair's derivative claim fails as a matter of law.  Plaintiff claims that Hanrahan breached his duties to Sirius and its members by:  causing Sirius to become transferee of particular interests held by AVE-1987 and AVE-2001; causing Sirius to enter into a lease with the Church where the AVE corporations had an interest in the lease; concealed from the "original shareholders" the formation of Sirius and transfer of property to it; concealed from Stair and the other "original shareholders" the facts regarding the lease; failed to issue membership units to other shareholders; and reduced Plaintiff's interest in the Project.  Compl. ¶ 70.  These allegations, however, center on harm to AVE-1987, AVE-2001, and their former shareholders, including Stair.  The purpose of a derivative suit is to maintain an action on behalf of the LLC at issue in the claim.  *See, e.g.*, 13 V.I.C. § 2104 ("If a derivative action or a limited liability company is successful, in whole or in part . . . the court may award the plaintiff reasonable expenses . . . and shall direct the plaintiff to remit to the limited liability company the remainder of the proceeds received.").  None of the allegations here assert harm against Sirius.  Further, no evidence suggests that Defendant breached his duty of loyalty to Sirius such as by wasting corporate assets or competing with the LLC, or his duty of care by engaging in reckless or intentional conduct in connection with Sirius winding up its affairs.

---

[3] Hanrahan argues that Sirius is not a plaintiff or defendant in this action, and therefore "any alleged breach against Sirius cannot be maintained by Plaintiff."  *See* Def. Mem. at 5.  However, as Defendant is entitled to summary judgment on his United States Virgin Islands claims on other grounds, the Court does not address this issue.

The same is true for Plaintiff's direct claim against Hanrahan pursuant to 13 V.I.C. § 1410.  Stair asserts the same allegations as set forth above for his direct claim.  Although Plaintiff is permitted to seek recourse against another member of the LLC under the ULLCA, he focuses on the perceived harm to him as a former director and shareholder of the AVE corporations, and not as a member of Sirius. And, there is no evidence suggesting that Hanrahan violated either his duty of loyalty or care for the same reasons above as a member of Sirius.

Accordingly, Hanrahan's motion for summary judgment dismissing the direct and derivative claims under sections 1410 and 2101 of the ULLCA is granted.

**C.** **<u>Common Law Fraud</u>**

Defendant also moves for summary judgment on Stair's third cause of action for common law fraud under both New York and United States Virgin Islands law. For the reasons set forth below, the Court determines that Plaintiff has failed to submit sufficient evidence to support his cause of action as a matter of law.  As a result, summary judgment on his fraud claim is granted.

Plaintiff alleges fraud on behalf of Defendant based on the following events: (1) that Hanrahan intended, upon ratification of AVE-2001, that he and Calhoun would "always vote as a block, usurping control of the corporation, which would ultimately rest with Calhoun," Compl. ¶ 30; (2) that Defendant "concealed" the formation of Sirius from Stair and did not present him with the Operating Agreement until May 6, 2006, *id.* at ¶¶ 46, 50; and (3) that Hanrahan called Stair on May 7, 2006 and told him that AVE-2001 was administratively dissolved, which Defendant "knew

27

[] to be false and made [] with the intent that Stair rely on it and accept the diminished percentage of the Project allocated to him and not take any action against defendants," *id.* at ¶ 52. Defendant argues that "the allegations in the complaint against me, John Hanrahan, are based on or infer Stair's unsupported conclusions with former co-defendants." *See* Def. Mem. at 5. Again, the Court construes this argument as a challenge to whether there is sufficient evidence to support Plaintiff's fraud claim and defeat summary judgment.

In New York, "the essential elements of a common law fraud claim include a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 310 (2d Cir. 1994) (internal quotation marks omitted). A fraud claim under United States Virgin Islands law consists of the same elements. *See Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 568–69 (D.V.I. 2004) ("Under Virgin Islands law, in order to state a claim for common law fraud, plaintiffs must allege (1) a false representation of material fact, (2) the defendant's intent that the statement be acted upon, (3) reliance upon such a statement by the persons claiming to have been deceived, and (4) damages.").

Construing the record liberally, the Court concludes that Plaintiff fails to submit evidence sufficient to establish a fraud claim. Regarding the allegation that Defendant intended to vote as a "block" with Calhoun in connection with AVE-2001, there is no evidence in the record supporting this assertion, or that such conduct involved any material misrepresentation that Plaintiff relied upon. *See Nat'l Union*

*Fire Ins. Co. of Pittsburgh, PA. v. Stromberg*, No. 86 CIV. 9638, 1991 WL 60263, at *2 (S.D.N.Y. Apr. 11, 1991) ("[B]are allegations of fraud cannot withstand [a] summary judgment motion."). Further, although Stair claims that Calhoun made misrepresentations to him to induce him to ratify AVE-2001, he makes no such claim regarding Hanrahan, and there is no indication in the record that Defendant made such a statement. *See* Compl. ¶ 30. Similarly, although Stair's allegation that Hanrahan concealed the formation of Sirius may suggest an omission of a material fact, this is merely a bare assertion lacking any support in the record that would reasonably lead to such a conclusion. *See Kuczynski v. Ragen Corp.*, No. 86 CIV. 7194, 1989 WL 34055, at *1 (S.D.N.Y. Apr. 6, 1989) ("Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact."). In addition, even if the Court concluded that such an omission was taken to be a misrepresentation, Stair still fails to establish how he relied on the omission to his detriment.

Finally, there is no evidence supporting Plaintiff's allegation that Hanrahan falsely told him that AVE-2001 was administratively dissolved for the purpose of inducing him to accept a lower equity share in Sirius. Even if there was evidence of the misrepresentation, Stair fails to offer an explanation as to how he reasonably relied on this statement given that he was a director of AVE-2001. And, although Stair held a 14% interest in Sirius and a 34% interest in AVE-2001, he does not provide an actual or proposed value of those units, and therefore the Court has no

way of determining whether the value of his voting units in Sirius was worth a lesser amount than his shares in AVE-2001, thereby damaging him in some way.

Despite the lengthy procedural history of this case, Stair has provided no documents or testimony to support his fraud claim. *See Nat'l Union Fire Ins. Co.*, 1991 WL 60263, at *2 ("However, more than four years after this case began and over two years after his motion to dismiss was decided, Mr. Stromberg makes no showing that any evidence exists to support his contentions. He does not point to a single witness, transaction or document that may provide support for his allegations."). Accordingly, Defendant's motion for summary judgment as to the fraud claim under both New York and United States Virgin Islands law is granted.[4]

### D. **Motion for Sanctions**

Plaintiff also seeks, by way of opposition, sanctions against Hanrahan due to Defendant's representations of Stair's role in Sirius. Pl. Mem. at 7-8. Pursuant to Fed. R. Civ. P. 11(b), "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that it is not submitted for an improper purpose and that the "claims, defenses, and other legal contentions are warranted . . . ." *See* Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any

---

[4] Hanrahan also claims that the fraud claim is barred by *res judicata* in light of a prior decision by Judge Bianco in *Stair* I. *See* Def. Mem. at 6. However, as the Court has already determined that the fraud claim fails as a matter of law, the Court need not address the preclusion issue.

attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* at 11(c).

Stair first seeks sanctions because Hanrahan "continuously" and "intentionally" fails to include in the caption that Stair is suing as a member of Sirius. Pl. Mem. at 7.  Although Stair is correct that this was omitted from the first motion for summary judgment, *see* DE [45], Defendant did include the correct, complete caption in this motion for summary judgment, *see* DE [82], and no other instances where a submission by Hanrahan contained the wrong caption are provided by Plaintiff.  As such, the Court does not agree that Hanrahan "continuously" and "intentionally" fails to correctly caption the case, and sanctions on this ground are denied.

Second, Stair contends that Hanrahan incorrectly argued that the summons in this action failed to include that Stair is a member of Sirius.  Pl. Mem. at 8.  He believes that this is a "serious omission with intentions of altering the scope of the litigation again." *Id.*  Indeed, Hanrahan did note that Stair failed to represent in the summons that he was a member of Sirius.  Def. Mem. at 5.  However, Defendant characterizes this as a "ministerial error," as the caption in the Complaint included that Stair is a member of Sirius and suing derivatively on behalf of the LLC.  *See* Def. Reply at 9.  A review of the summons on the docket reveals that the caption did, in fact, fail to include that Stair was suing derivatively on behalf of Sirius.  *See* DE [2]. Thus, as Hanrahan's statement regarding the summons is correct, sanctions are not warranted.

Finally, Plaintiff pursues sanctions because Defendant falsely represents that Stair is not a member of Sirius.  Pl. Mem. at 8.  Hanrahan argued that, "[t]o [his] knowledge," Stair is not a member of Sirius.  Def. Mem. at 5.  To support this claim, he pointed to the Operating Agreement, which is not signed by Stair.  *Id.*  Considering that Hanrahan incorporated evidence to support his statement, and represented that it was "[t]o [his] knowledge," this statement does not, in the Court's discretion, warrant sanctions.  *See O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990) ("District courts are given broad discretion in tailoring appropriate and reasonable sanctions under rule 11.").

 Accordingly, Plaintiff's cross-motion for sanctions is denied.

## IV.   Conclusion

For the reasons set forth above, the Court orders that:

1.  Defendant's motion for summary judgment is **GRANTED.**

2.  Plaintiff's cross-motion for sanctions is **DENIED.**

The clerk of the Court is directed to close this case.

Dated:      Central Islip, New York          **SO ORDERED**
            September 16, 2016

                                             s/ Steven I. Locke
                                             STEVEN I. LOCKE
                                             United States Magistrate Judge

32