UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

THEODORE STAIR, individually, THEODORE STAIR, an Officer, Director and Shareholder of American Virgin Enterprises, Ltd., Derivatively on behalf of American Virgin Enterprises, Inc., and THEODORE STAIR, a Member of Sirius Development, LLC, derivatively on behalf of Sirius Development, LLC,

                     Plaintiffs,

-against-

RORY CALHOUN, JOHN HANRAHAN, ROBERT E. PARELLA, and H. LINWOOD GILBERT,

                     Defendants.

-------------------------------------------------------------------------X

**ORDER**
12-CV-6121 (SIL)

Presently before the Court are two motions by Plaintiff Theodore Stair ("Plaintiff" or "Stair")[1] for leave to proceed on appeal *in forma pauperis*. *See* Docket Entries ("DE") [87, 89]. Plaintiff seeks *in forma pauperis* status on appeal of two prior Orders of this Court: (1) the May 4, 2015 Order, DE [70], denying Stair's request for an extension of time to serve Defendant H. Linwood Gilbert ("Gilbert") and dismissing all claims against Gilbert pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (the "May 4, 2015 Order"); and (2) the March 31, 2015 Order, DE [64], granting Defendants Rory Calhoun's ("Calhoun") and Robert Parella's ("Parella") motion for summary judgment and dismissing all claims against them with prejudice

---

[1] Although Stair is named as a party in three different capacities, he is referred in the singular as "Stair" or "Plaintiff" throughout the opinion.

1

as time barred (the "March 31, 2015 Order"). For the reasons set forth below, Plaintiff's motions are granted.[2]

## I. LEGAL STANDARD

Motions to proceed *in forma pauperis* on appeal "must be made in the first instance to the district court." *In re Nassau Cty. Strip Search Cases*, No. 99-CV-2844, 2010 WL 4021813, at *1 (E.D.N.Y. Sept. 29, 2010). Pursuant to Federal Rule of Appellate Procedure ("Fed. R. App. P.") 24, a party making such motion must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). "This threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor." *Bishop v. Henry Modell & Co.*, No. 08 CIV. 7541, 2010 WL 1790385, at *1 (S.D.N.Y. May 4, 2010) (quoting *Miranda v. United States,* 458 F.2d 1179, 1181 (2d Cir.1972)). However, a plaintiff may not appeal *in forma pauperis* if the District Court certifies in writing that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

---

[2] The Court notes that embedded within Plaintiff's motions are two documents titled "Statement in Support of Motion for Appointment of Counsel." *See* May 4, 2015 Order at 14; March 31, 2015 Order at 11. Both requests, however, appear to be directed to the Second Circuit and were not filed as independent motions. As such, the Court declines to consider these applications.

## II. DISCUSSION

### A. The May 4, 2015 Order

Initially, Stair seeks leave to proceed *in forma pauperis* on appeal of the May 4, 2015 Order. *See* DE [87]. This is Plaintiff's second appeal and *in forma pauperis* application in connection with this Order. Indeed, eight days after the May 4, 2015 Order was issued, Stair filed an appeal and moved the District Court to proceed on appeal *in forma pauperis*, which was granted by the Honorable Sandra J. Feuerstein. *See* DE [73, 74, 75]. The appeal, however, was dismissed by the Second Circuit because a final order had not yet been issued in this action. *See* DE [78]. Nonetheless, on October 17, 2016, Plaintiff again appealed the May 4, 2015 Order and moved for leave to proceed on such appeal *in forma pauperis*. *See* DE [87, 88]. This current motion to proceed *in forma pauperis* is almost identical to the prior motion. Accordingly, for the same reasons as set forth in Judge Feuerstein's decision granting the previous *in forma pauperis* application, DE [75], the Court grants Stair's motion to proceed *in forma pauperis* on his appeal of the May 4, 2015 Order.

### B. The March 31, 2015 Order

Stair also seeks leave to proceed *in forma pauperis* on an appeal of the March 31, 2015 Order. DE [89]. Plaintiff also previously appealed this Order, which was likewise denied due to a lack of finality, and moved to proceed on appeal *in forma pauperis*. DE [65, 66]. Judge Feuerstein denied the prior *in forma pauperis* application, as Stair failed to provide a sworn affidavit, did not explain the issues he intended to present on appeal, and did not provide a level of detail regarding his inability to pay. *See* DE [69]. Stair recently appealed the March 31, 2015 Order for

3

a second time, and again moves for leave to appeal *in forma pauperis*. *See* DE [89, 90]. Contrary to his prior application, Stair now submits in support of his motion a sworn affidavit explaining: (1) his entitlement to redress; (2) the issues he intends to appeal; and (3) a financial affidavit, akin to the one submitted in connection with his motion for leave to appeal *in forma pauperis* the May 4, 2015 Order. *See* DE [89]. As Plaintiff has met the requirements of Fed. R. App. P. 24, the Court also grants this motion.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motions for Leave to Proceed on Appeal *In Forma Pauperis* are granted.

Dated: Central Islip, New York  **SO ORDERED**
November 16, 2016

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge